UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON YOUNG,

        Plaintiff,

v.                                          Case No. 09-C-407

WAL-MART ASSOCIATES, INC., et al.,

        Defendants.

**ORDER**

Plaintiff Young has filed an action under 42 U.S.C. § 1983. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff filed the required affidavit of indigence. Upon review of that affidavit, it appears that plaintiff could not pay the $350 filing fee.

Section 1915 also requires courts to "screen" complaints to ensure that indigent plaintiffs do not abuse the ability to bring cases without paying a filing fee. Plaintiff alleges that his supervisors at Wal-Mart retaliated against him after he filed a complaint with the Wisconsin Better

Business Bureau. One supervisor informed him that the company had a policy prohibiting active employees from filings such complaints. Another manager then fired him based on Plaintiff's alleged threats to several other employees.

These allegations do not state any claims remediable by federal law. The First Amendment might protect the Plaintiff against governmental retaliation for his protected expressions, but it does not apply to the actions of a private employer and its employees. In the realm of employment law, retaliation is prohibited when an employee complains about sexual harassment (for example), *see* 42 U.S.C. § 2000e-3(a), but there is no statutory protection for complaints filed with a local Better Business Bureau. The company's position, after all, is a reasonable one: it prefers that its employees not say bad things about it. A complaint to the Better Business Bureau is not statutorily protected activity but merely a complaint about a company's business practices. Finally, Plaintiff's complaints about being unjustly terminated for alleged threats to other employees do not sound in any federal law. There is no statutory right under federal law to be terminated for "good cause." Barring some sort of prohibited discrimination or statutorily prohibited retaliation, and absent a contract, an employer may fire an employee for any reason it deems fit.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted, meaning that the filing fee is waived. The case is **DISMISSED** for failure to state a claim.

Dated this   11th   day of May, 2009.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge